KYLE SCHUMACHER (BAR #121887)
kyle@schumacherlane.com
**SCHUMACHER LANE PLLC**
P.O. Box 558
Spring Branch, TX 78070
503-482-8137 ph
210-783-1383 fax

Attorneys for Plaintiff
Carla S. Marotti

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| Carla S. Marotti**,**<br><br>Plaintiff,<br><br>v.<br><br>Happy Money, Inc.; and DOES 1 through 100 inclusive,<br><br>Defendants. | CASE NO. 6:21-cv-1872<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of Fair Credit Reporting Act |

COMES NOW Plaintiff **CARLA S. MAROTTI** ("Plaintiff"), an individual, based on information and belief, to allege as follows:

### INTRODUCTION

1. This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s-2(b), 1681e(b), 1681i(a)(2)(A), 1681i(a)(4), and 1681i(a)(5)(A). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their unlawful and unauthorized access to Plaintiff's credit report.

2. Defendant Happy Money, Inc. ("Happy Money") accessed Plaintiff's TransUnion credit report and personal information without a permissible purpose on or about November 1, 2019, December 1, 2019, January 2, 2020, February 2, 2020, March 2, 2020, April 2, 2020, May 2, 2020, June 2, 2020, July 2, 2020, July 26, 2020, September 2, 2020, December 2, 2020, January 5, 2021, February 2, 2021, and March 2, 2021 (collectively, the "Impermissible Pulls"). Happy

Money obtained Plaintiff's TransUnion credit report for a purpose that was not authorized by the FCRA.

3. The United States Congress passed the FCRA to ensure fair and accurate credit reporting, promote efficiency in banking, and to protect consumers' privacy. Violations of the FCRA impair the efficiency of the banking system and expose consumers to grave privacy risks; both of which undermine the public confidence that is essential to the continued functioning of the lending industry and credit reporting system.

4. The FCRA prohibits users of a consumer's credit report from obtaining the report unless the user has a permissible purpose for procuring the report as defined in the statute. However, creditors intentionally and routinely ignore FCRA requirements for legally accessing a consumer's credit report

5. Creditors accessing a consumers' credit reports outside of these limited purposes was not the intent of Congress when it enacted the Fair Credit Reporting Act.

## JURISDICTION & VENUE

6. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1681.

8. This venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

9. Plaintiff alleges that, for purposes of establishing residency under 28 U.S.C. § 1391(b)(1), each of the named Defendants conducts sufficient business within the forum state and this Court has personal jurisdiction over each Defendant under 28 U.S.C. §§ 1391(c)(2) and 1391(d).

## GENERAL ALLEGATIONS

10. Plaintiff alleges that she previously had an account with Happy Money in or about 2017 and that said account was included in her Chapter 7 bankruptcy filing in that the debt occurred pre-petition and was subsequently discharged and fully satisfied.

11. Plaintiff alleges that the Happy Money account is closed, does not have a balance, or past due amount as the account was listed in Plaintiff's Chapter 7 bankruptcy filing and was subsequently discharged.

12. Plaintiff alleges that at the time of the Impermissible Pulls, she had no personal or business relationship, nor had she inquired about a personal or business relationship, with Happy Money.

13. Plaintiff alleges that she never conducted any business with or incurred any financial obligations to Happy Money after her bankruptcy discharge.

14. By accessing Plaintiff's credit report, Happy Money obtained personal information about her, including her current and past addresses, birthdate, employment history, and telephone numbers. In addition, unknown employees, representatives, marketing and business affiliates, and/or agents of Happy Money also have viewed or have access to this sensitive, private information.

15. Plaintiff alleges Happy Money knew or should have known it had no permissible purpose to access her TransUnion credit report and private information.

16. Plaintiff alleges that each and every Defendant is familiar with the FCRA requirements and subscribes thereto.

17. Plaintiff alleges that each and every Defendant understands that deviation from the FCRA requirements or credit reporting industry standards can, and often does, result in the denial of credit, higher interest rates, and prompts a negative inference that would not be drawn if the data were reported in accordance with the recognized standards.

18. Plaintiff alleges that all of Defendants' actions alleged herein were committed knowingly, intentionally, and in reckless disregard of the unambiguous meaning of the FCRA, regulatory guidelines on accurate reporting, and credit reporting industry standards to purposefully undermine Plaintiff's ability to repair her FICO Score.

19. In the alternative, Plaintiff alleges that each and every Defendants' actions were the result of negligent policies, procedures, and an objectively unreasonable interpretation of the FCRA, all which inevitably led to inaccurate, misleading, or incomplete credit reporting.

## FACTUAL BACKGROUND

20. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A. Credit Inquiries**

21. Once a relationship between a consumer and creditor exists, and limited to the period where that relationship continues, the creditor may be allowed access that consumer's

report, which is considered an "Account Review Inquiry", by contacting one or more credit bureaus to review a consumer's FICO scores and other personal information.

22. These inquiries will remain on the credit report for two (2) years from the date of the inquiry.

23. TransUnion defines these Account Review Inquires on the face of its credit reports as follows, "The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you."

24. The Ninth Circuit has discussed this as well by stating, "[t]he FCRA is clear that account review inquiries are permissible to determine whether the consumer continues to meet the terms of the account. 15 U.S.C. § 1681b(a)(3). The operative word in this provision is "continues," which indicates Congress recognized that once an individual terminated her relationship with a lender it was no longer permissible for the lender to access the account—precisely because the lender would have no reason for doing so." *In re Ocwen Loan Servicing LLC*, Case No. 3:16-cv-00200-MMD-WGC, 2017 WL 1289826, at *5 (D. Nev. Mar. 3, 2017).

25. A bankruptcy discharge of an account terminates the relationship between the consumer and the creditor and the creditor's right to access, review, or otherwise inquire about a consumer's credit file. *See id.*

26. Credit reports contain private and sensitive information about a given consumer. As such, the FCRA details the limited permissible purposes under which a person may access a consumer's reports as well as requiring the credit reporting agencies maintain procedures to identify the inquiring party, certify the purpose of the inquiring party, and certify that the information will be used for no other purpose.

27. Unauthorized inquiries create an increased risk of privacy harm and identity theft. Congress specifically recognized the "elaborate mechanism developed for investigating and evaluating credit worthiness, credit standing, credit capacity, character, and general reputation of consumers" and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Nayab v. Capital One Bank (USA), NA*, 942 F. 3d 480, 492 (9th Cir. 2019).

**B.    Plaintiff Filed Bankruptcy and Received a Discharge**

28. Plaintiff filed a voluntary petition for Chapter 7 bankruptcy on May 3, 2019, in order to repair her creditworthiness and Credit Score.

29. The Chapter 7 Trustee entered its report of No Distribution (no asset case) on June 25, 2019.

30. Plaintiff's bankruptcy was discharged on August 20, 2019.

**C.    Unauthorized Inquiry – Happy Money**

31. Plaintiff alleges after her prior account relationship with Happy Money was terminated in or about August 20, 2019, she never applied for or inquired about a loan or credit transaction from Happy Money, nor did she inquire about employment or insurance from Happy Money.

32. Plaintiff alleges she never authorized Happy Money to access her credit reports and personal, sensitive information which led to the Impermissible Pulls.

33. Plaintiff alleges Happy Money did not have a permissible purpose as detailed in the FCRA for accessing Plaintiff's TransUnion credit report on any of the 15 impermissible pull dates.

34. Plaintiff alleges Happy Money knew or should have known it had no permissible purpose to access her TransUnion credit report and private information.

35. However, without any permissible purpose, Happy Money impermissibly accessed Plaintiff's TransUnion credit report on 15 separate occasions, increasing her risk for identity theft, fraud, and other privacy harm.

**D.    Damages**

36. Plaintiff pulled the credit reports at issue at a cost for access to the report specifically for the sole purpose of verifying who was accessing her credit reports and personal data.

37. As a result of the Impermissible Pulls, Plaintiff has incurred out-of-pocket expenses, and has also suffered emotional harm, physical sickness, and excessive stress resulting in doubt as to the effectiveness of the Bankruptcy Code, the Fair Credit Reporting Act, and the power of this Court to preserve her rights to determine who can and cannot access her private and sensitive information.

38. Due to Happy Money's repeated impermissible access to Plaintiff's TransUnion credit report, Plaintiff has suffered an invasion of her privacy and confidential information. In addition, each of the Impermissible Pulls have subjected Plaintiff to an increased risk of identity theft, fraud, and other privacy harm, resulting in consequential anxiety and emotional distress.

39. Plaintiff has been denied credit and is unable to rebuild her credit based on the inaccurate reporting by Happy Money.

40. Happy Money's actions, as alleged herein, are in direct violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681s-2(b) and 1681b.

# FIRST CAUSE OF ACTION

## (Violation of Fair Credit Reporting Act 15 U.S.C. § 1681b)

## (Against Defendants and Does 1-100)

41. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A.  Happy Money Violated Plaintiff's Privacy by Accessing Her Credit Report Without Authorization**

42. Since August 20, 2019, Plaintiff never conducted any business or incurred any financial obligations with Happy Money.

43. Plaintiff's prior authorization, if any, given to Happy Money on a prior account, does not continue in perpetuity. *Smith* at 6 ("This argument rings hollow. The idea that a single authorization to obtain credit reporting information for a once existing account would authorize an institution to continue to obtain such information pertaining to a terminated account into perpetuity strains credulity."). Thus, Happy Money has no authorization on which it can rely.

44. By accessing Plaintiff's credit report, Happy Money obtained personal and private information about her, including her current and past addresses, birthdate, employment history, and telephone numbers.

45. By accessing Plaintiff's credit report, Happy Money obtained information relative to Plaintiff's personal and individual credit accounts, payment history on those accounts, credit history, and credit worthiness.

46. By accessing Plaintiff's credit report, Plaintiff's private financial information was published to Defendant. In addition, unknown employees, representatives, marketing and business affiliates, and/or agents of Happy Money also have viewed or have access to this sensitive, private information.

47. Defendant's access to Plaintiff's credit report will continue to be displayed on her credit report for two (2) years from the date of each of the Impermissible Pulls.

48. Happy Money's access to Plaintiff's credit report information, without Plaintiff's consent, falls outside of the scope of any permissible use or access included in 15 U.S.C. § 1681b.

49. Happy Money violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's credit report without authorization and without a certified purpose in accordance with § 1681e.

**B.  Willful Violations**

50. Plaintiff alleges that Happy Money's conduct resulted from an objectively unreasonable interpretation of the FCRA requirements detailing a permissible purpose for accessing a consumer's credit file.

51. As the FCRA does not allow a creditor to access a consumer's credit file once the account relationship has terminated, Happy Money's repeated violations are willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

52. Further, as Happy Money received notice of the bankruptcy and correctly reported Plaintiff's old account as discharged in bankruptcy to the credit bureaus, it had actual knowledge the business relationship had been terminated. Despite this knowledge, Happy Money intentionally and willfully violated Plaintiff's privacy.

53. In the alternative, Happy Money was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Happy Money in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

55. WHEREFORE, Plaintiff prays for judgment as follows:
    a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;
    b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n;
    c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n;
    d. Award attorneys' fees and costs of suit incurred herein pursuant to 15 U.S.C. §§ 1681n and 1681o;

  e. For determination by the Court that Defendant's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, *et seq*.; and

  f. For determination by the Court that Defendant's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.

              Respectfully submitted,

              **SCHUMACHER LANE PLLC**

Dated: December 28, 2021       */s/ Kyle Schumacher*
              Kyle Schumacher
              Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

                                            **SCHUMACHER LANE PLLC**

Dated: December 28, 2021                    */s/ Kyle Schumacher*

                                            Kyle Schumacher

                                            Attorney for Plaintiff